# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD ANGELO SR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N17A-06-008 VLM |
| | ) | |
| NEW CASTLE COUNTY BOARD | ) | |
| OF ASSESSMENT REVIEW and | ) | |
| NEW CASTLE COUNTY OFFICE | ) | |
| OF FINANCE, ASSESSMENT | ) | |
| DIVISION, | ) | |
| | ) | |
| Appellees. | ) | |

Date Submitted: September 20, 2017
Date Decided: December 11, 2017

*On Appeal from the New Castle County Board of Assessment Review*
**AFFIRMED**

This is an appeal from the New Castle County Board of Assessment Review

("Board"). Appellant Ronald Angelo Sr. ("Appellant") appeals the Board's May 12,

2017 decision to deny his appeal of his property tax assessment. Upon consideration

of the facts, arguments, and legal authority set forth by the parties; statutory and

decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Rosemary Angelo ("Mrs. Angelo") purchased 611 Southerness Drive, Townsend, Delaware 19734 (the "Property") in August 2007.[1]

2. The New Castle County Office of Finance, Assessment Division ("Assessment Division") assessed the Property at $98,900; the land at $10,900 and the structure at $88,000.

3. On April 11, 2016, Appellant filed a Residential Assessment Appeal to the Board challenging that the Property should be assessed at $30,000. The appellate process requires that the property owner show substantial overvaluation as to fair market value as of July 1, 1983, the applicable base year.

4. Appellant did not identify any appraisal or comparable sales to support his positions. Instead, Appellant attached a list of fifteen complaints or alleged violations, including violations of the New Castle County Code, the Delaware Code, and the Fair Housing Act.[2] He also attached an email chain concerning a FOIA

---

[1] Mrs. Angelo purchased the Property on the open market for $332,065. In November 2015, the Property was deeded to Appellant and Mrs. Angelo as trustees.

[2] The full list is as follows: (1) "Various UDC Violations throughout the community (sump systems)"; (2) "Invalid deed, illegal declaration filed (2005 master declaration)"; (3) "Excessive water problem @ 611 (pumps running excessively)"; (4) "Adjacent property pumping water in violation of UDC"; (5) "Topology between properties invalid (convex rather than concave caused by raising house)"; (6) "Code violations for the common area (USACE IBC)"; (7) "Illegal water discharge into stormwater pond (exclusive use for Legacy, other using it)"; (8) "Various violations of Delaware Titles 21, 29 (County refuses to answer FOIA)"; (9) "Addition of power line very close to house (Delmarva)"; (10) "HVAC System not proper unit and installed wrong @611 (not per ASRAE Code)"; (11) "Invalid CoO not properly inspected (FOIA Request Denied)"; (12) "Violation of HUD fair housing act (handicapped access blocked)"; (13) "Improper assessment process (entire process invalid)"; (14) "Illegal downgrading of Amenities (removing item from the 2009 record plan)"; (15) "Improper filing of Record Plans (filing of 2009 resub)." R011.

2

request and an Americans with Disabilities Act Discrimination Complaint Form. In sum, Appellant argued that he could not be taxed as assessed because both the deed and the assessment process were invalid.

5. On April 15, 2016, the New Castle County Office of Finance, Assessment Division sent Appellant a letter concerning the deficiencies in his appeal. The letter asked for Appellant to provide comparable sales and Appellant's estimate of the Property's July 1, 1983 fair market value. Appellant failed to provide any information concerning comparable sales.

6. A Board hearing was held on April 20, 2017. Appellant provided no evidence concerning the fair market value of the Property as of July 1, 1983. Although Appellant requested the Property be assessed at $30,000, he testified that the Property actually had no value due to issues with the deed, structural issues, and multiple alleged legal violations previously noted.

7. Appellees requested the appeal be denied where Appellant provided no competent evidence of substantial overvaluation as to the Property. The Board agreed and voted to deny the appeal ("Board Decision"). In the written decision, the Board noted that although Appellant alleged legal issues related to the deed and Property, no evidence regarding the deed or alleged violations were submitted with

3

the appeal form. The Board's rules clearly state that all evidence must be included with an appellant's appeal form.[3]

8.  Appellant appeals the Board Decision to this Court. Appellant contends that the Board erred by "not allow[ing] [him] to present any evidence to support [his] Appeal even though the violations were stated in the Appeal to the Assessment board and the evidence was filed with various departments at the County and State level [sic]."[4]

### Standard of Review

9.  Delaware property owners have a substantial evidentiary burden at both the administrative and appellate levels. "Before the Board of Assessment, there is a presumption of accuracy in favor of the existing assessment, which the property owner may only rebut with evidence of 'substantial overvaluation.'"[5] A Board decision is then presumed correct and may only be disturbed if the appellant shows that the Board "acted contrary to law, fraudulently, arbitrarily or capriciously."[6] The

---

[3] *Board of Assessment Review of New Castle County Rules of Procedure* VI.6(c) ("The appellant shall present testimony, including any legally admissible documentation or other evidence, in support of a lower assessment, so long as such evidence was disclosed in the appellant's appeal form. The Board shall not consider evidence disclosed in the appellant's appeal form that is not fully and fairly presented at the appeal hearing.").

[4] Appellant's Opening Br. at 4.

[5] *Shahin v. City of Dover Bd. of Assess. Appeals*, 149 A.3d 227, 2016 WL 5407853, at *1 (Del. Sept. 27, 2016) (TABLE).

[6] 9 *Del. C.* § 8312(c).

Court's review is limited. The Court "does not weigh the evidence, determine questions of credibility, or make its own factual findings."[7] The Court "is to reverse . . . only if 'the Board's findings are clearly wrong and its conclusions not the product of an orderly and logical deductive process.'"[8]

## *Discussion*

10. This Court finds Appellant's request for relief lacks merit. The Board properly found that Appellant did not provide an appraisal or any comparable sales nor show that that Property was subject to substantial overvaluation. The record shows that Appellant listed many alleged code violations, and merely asserted that the Property's deed was invalid without submission of relevant documents to support his position. The attached FOIA request and Americans with Disabilities Act Discrimination Complaint Form were not evidence of substantial overvaluation.

11. In addition, Appellant seeks for this Court to consider other concerns and/or to grant additional relief that is not properly before this Court. The property tax assessment appellate process is not the proper place for such claims.[9] To the

---

[7] *Brandywine Innkeepers, LLC v. Bd. of Asses. Review of New Castle Cty.*, 2005 WL 1952879, at *3 (Del. Super. Ct. June 3, 2005 (citing *E.I. DuPont De Nemours & Co. v. Faupel*, 859 A.2d 1042, 1046 (Del. Super. Ct. 2004)).

[8] *Tatten Partners, L.P. v. New Castle Cty. Bd. of Asses. Review*, 642 A.2d 1251, 1256 (Del. Super. Ct. 1993), *aff'd* 647 A.2d 382, 1994 WL 144302 (Del. Apr. 21, 1994) (TABLE) (quoting *Rodney Square Investors, L.P. v. Bd. of Assess. Review of New Castle Cty.*, 1983 WL 482333, at *1 (Del. Apr. 7, 1983).

extent Appellant wishes to litigate claims against other persons, entities, or agencies, the Board does not have jurisdiction nor are these issues before this Court. The Appellant could not have presented these claims to the Board and thus "also cannot appropriately join [them] with the instant appeal."[10]

12.     This Court finds that Appellant has failed to meet his burden. Where Appellant failed to demonstrate that the Board acted contrary to law, fraudulently, arbitrarily, or capriciously, the Board Decision must be affirmed.

NOW, WHEREFORE, this 11th day of December, 2017, the May 12, 2017 decision of the New Castle County Board of Assessment Review is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

---

[9] *See Shahin*, 149 A.3d 227, 2016 WL 5407853, at *1–2, n.11 (finding that the Board of Assessment was not the proper place to assert Fair Housing Act violations); *Tatten Partners*, 642 A.2d at 1263 (holding that the Board of Assessment did not have statutory authority over a § 1983 claim).

[10] *Tatten Partners*, 642 A.2d at 1262.